# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMARIUS COLEMAN** | § | **CIVIL ACTION NO. 24-257** |
| | § | |
| **VS.** | § | |
| | § | |
| **CANTIUM, LLC, ALLISON OFFSHORE** | § | **SECTION** |
| **SERVICES, LLC and ALLISON** | § | **MAGISTRATE** |
| **SERVICES II, LLC** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Jamarius Coleman ("Plaintiff" or "Coleman"), complaining of Defendants Cantium, LLC ("Cantium"), Allison Offshore Services, LLC ("Allison") and Allison Offshore Services II, LLC ("Allison II") (collectively "Defendants"), and, and for cause of action, would respectfully show as follows:

### I. PARTIES

1.1   Plaintiff Jamarius Coleman is a U.S. citizen and resident of Louisiana.

1.2   Defendant Cantium, LLC is a Delaware limited liability company with its principal place of business and corporate headquarters located in St. Tammany Parish, Louisiana doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

1.3   Defendant Allison Offshore Services, LLC is a Louisiana limited liability company with its principal place of business and corporate headquarters located in Lafayette Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

1.4     Defendant Allison Offshore Services II, LLC is a Delaware limited liability company with its principal place of business and corporate headquarters located in Lafayette Parish, Louisiana, doing business in this District the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801.

## II. JURISDICTION

2.1     This case is brought pursuant to the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et seq.*

## III. VENUE

3.1     Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391 as Defendant Cantium resides in this District.

## IV. FACTS

4.1     On or about August 17, 2023, Plaintiff was working as an employee for Triple C Enterprises LLC, as a rigger on Defendant Cantium's fixed offshore platform located at Main Pass 299. Plaintiff was seriously injured when he slipped on metal stairs on the platform and fell from a height of approximately six steps from the bottom of the stairwell.

## V. CAUSE OF ACTION

### A.     NEGLIGENCE AND GROSS NEGLIGENCE

5.1     As stated above, on or about August 17, 2023, Plaintiff sustained severe and disabling injuries while working on Defendant Cantium's fixed offshore platform located at Main Pass 299.

5.2     Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which

Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence and/or gross negligence, as those terms are understood in law, on the part of the Defendants, their agents, servants and/or employees who were acting in the course and scope of their employment for Defendants at all times material to this cause of action.

    5.3    Pursuant to La. C.C. Art. 2315, every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. Pursuant to La. C.C. Art. 2316, every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill. Defendants are liable to Plaintiff pursuant to Louisiana Civil Code article 2315, 2316, and 2317 for causing injury and related damages to Plaintiff. Defendants are liable for the subject accident and Plaintiff's injuries and resultant damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through their agents, representatives and/or employees, in one or more of the following particulars, among others:

    (a)    failing to ensure the premises were free from hazards;

    (b)    failing to reasonably and prudently perform regular inspections of the walkways, including stairways, on the platform to ensure that they were in reasonably safe condition for visitors to the platform to walk upon;

    (c)    failing to properly maintain the platform, including the walkways and stairways, to ensure it was free from unreasonably dangerous defects and hazards;

    (d)    failing to ensure the safety of workers aboard the platform;

    (e)    failing to perform all operations in a safe and work-like manner; and

    (f)    other acts and omissions that will be shown at the time of trial herein.

5.4    Pursuant to La. C.C. Art. 2317.1, the owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. At the time of Plaintiff's injury Defendants had care, custody, or control of the platform in question, so as to establish garde. The platform had ruin, vice, or defect in the staircase upon which Plaintiff was injured, that Defendants knew, or in the exercise of reasonable care, should have known existed. Plaintiff would further show that Defendants were responsible for maintaining the platform in a reasonably safe condition, free from hazards that would expose the Plaintiff to injury, and failed to uphold that duty.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1    As a result of these occurrences and the negligence and/or gross negligence of Defendants, Plaintiff sustained severe and disabling injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing, and he is unable to state the full amount thereof.

6.2    Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)    physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)    future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)    physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d) physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e) loss of earnings sustained by Plaintiff from the date of injury to time of trial;

(f) loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g) reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h) reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i) past and future physical disfigurement;

(j) past and future physical impairment; and

(k) any other damages to which Plaintiff is entitled under applicable law.

## VII. INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

8.1   Plaintiff demands a jury trial herein.

WHEREFORE, Plaintiff prays:

(a) that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b) that a judgment may be entered in favor of Plaintiff against Defendants for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; pre-judgment and post-judgment interest; attorneys' fees; costs of suit; and

(c) for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
RECILE, & HAYES, LLP

*/s/ Taquincia Jairles*
JAMES M. WILLIAMS, BAR NO. 26141
INEMESIT U. O'BOYLE, BAR NO. 30007
TAQUINCIA M. JAIRLES, BAR NO. 33902
One Galleria Boulevard, Suite 1100
Metairie, Louisiana 70001
Telephone:     (504) 833-5600
Facsimile:     (504) 833-8080
james@thetrialteam.com
inem@thetrialteam.com
taquincia@thetrialteam.com
***ATTORNEYS FOR PLAINTIFF***

**PLEASE SERVE:**

**Cantium, LLC**
Through its registered agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

**Allison Offshore Services, LLC**
Through its registered agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, Louisiana 70801

**Allison Offshore Services II, LLC**
Through its registered agent
Corporation Service Company
450 Laurel Street, 8th Floor
Baton Rouge, Louisiana 70801